UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.

WILLIAM GUERRA,
ORBIEN SANCHEZ,

    Plaintiffs,

vs.

TEAM DGD, INC. D/B/A FTL HUB, a Florida
Corporation, LUIS LOPEZ, individually,

    Defendants.
_____/

# COMPLAINT

COME NOW Plaintiffs, William Guerra ("Guerra") and Orbien Sanchez ("Sanchez"), by and through their undersigned attorneys, and hereby sues Defendants, Team DGD Inc. d/b/a FTL Hub and Luis Lopez individually, and as grounds alleges:

## JURISDICTIONAL ALLEGATIONS

1. This is an action to recover monetary damages, liquidated damages, interests, costs and attorney's fees for willful violations of minimum wages under the laws of the United States, the Fair Labor Standards Act, 29 U.S.C. §§201-219) ("the FLSA") as well as for a breach of contract.

2. Plaintiff Guerra is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

3. Plaintiff Sanchez is a resident of Miami-Dade County, Florida, within the jurisdiction of this Honorable Court.

4. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 because this action involves the Fair Labor Standards Act, 29 U.S.C. §§201, *et seq.*, a federal statute.

5. Venue is proper in this district pursuant to 28 U.S.C. §1391(c) and (d).

6. Defendant Team DGD Inc. d/b/a FTL Hub is a Florida corporation which regularly conducted business within the Southern District of Florida.

7. The individual Defendant, Luis Lopez, is an "employer," as defined in 29 U.S.C. § 203(d), as he has operational control over the Defendant corporation and is directly involved in decisions affecting employee compensation and hours worked by employees such as Plaintiffs. Defendant Luis Lopez controlled the purse strings for the corporate Defendant. Defendant Luis Lopez hired and fired employees, determined the rate of compensation and was responsible for ensuring that employees were paid their wages.

8. Plaintiffs are covered employees under the FLSA as their work for Defendants involved interstate commerce as defined by 29 USC § 203(b) and 29 USC § 206(a). Specifically, Plaintiffs would regularly and recurrently travel outside the state of Florida in furtherance of Defendants' business.

## COUNT I: UNPAID MINIMUM WAGES  GUERRA v TEAM DGD INC. D/B/A FTL HUB AND LUIS LOPEZ

9. Plaintiff GUERRA re-alleges and re-avers paragraphs 1 through 8 as fully set forth herein.

10. Plaintiff GUERRA was employed by the Defendants as truck drivers.

11. Pursuant to 29 U.S.C. § 206(a)(1)(C) an employer is required to pay its employee at least the minimum wage rate of $7.25/hr.

12. Pursuant to 29 U.S.C. § 218(a), Florida Minimum wage rate of $8.46/hr. would apply to Plaintiff's work for Defendants.

13. Plaintiff Guerra was employed from on or about July 2019 through on or about September 23, 2019.

14. Between the dates of August 22, 2019 through September 23, 2019, Plaintiff Guerra worked an approximate average of 70 hours per week but was never paid any wages as required by the FLSA.

15. Defendants agreed to pay GUERRA at a rate of $.60 a mile. Between the date of August 22, 2019 and September 23, 2019 Plaintiff Guerra drove a total of 14,942.92 miles.

16. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and the hours worked by Plaintiff. Notwithstanding, Defendants did not pay minimum wages to Plaintiff. Defendants were aware of their obligation to pay minimum wages and/or failed to conduct a reasonable investigation as to whether they were in compliance with the minimum wage requirements. Despite the obligation to pay minimum wages and knowing that Plaintiff worked for Defendants without being properly compensated, Defendants failed to pay Plaintiff their minimum wages. Furthermore, despite Defendants being provided with a pre-suit notice in an attempt to bring Defendants into compliance with the FLSA, Defendants have willfully failed to comply with the FLSA and pay Plaintiff his mandated minimum wages.

17. Plaintiff has retained the law offices of the undersigned attorneys to represent them in this action and are entitled to award of reasonable attorney's fees and costs.

WHEREFORE, Plaintiff requests compensatory minimum wages, liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for minimum wages owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs. In the event that

Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid minimum wages, and any and all other relief which this Court deems reasonable under the circumstances.

## COUNT II: UNPAID MINIMUM WAGES  SANCHEZ v TEAM DGD INC. D/B/A FTL HUB AND LUIS LOPEZ

18. Plaintiff SANCHEZ re-alleges and re-avers paragraphs 1 through 8 as fully set forth herein.

19. Plaintiff SANCHEZ was employed by the Defendants as truck drivers.

20. Pursuant to 29 U.S.C. § 206(a)(1)(C) an employer is required to pay its employee at least the minimum wage rate of $7.25/hr.

21. Pursuant to 29 U.S.C. § 218(a), Florida Minimum wage rate of $8.46/hr. would apply to Plaintiff's work for Defendants.

22. Plaintiff SANCHEZ was employed from on or about July 2019 through on or about September 23, 2019.

23. Between the dates of August 22, 2019 through September 23, 2019, Plaintiff SANCHEZ worked an approximate average of 70 hours per week but was never paid any wages as required by the FLSA.

24. Defendants agreed to pay SANCHEZ at a rate of $.60 a mile. Between the date of August 22, 2019 and September 23, 2019 Plaintiff SACNHEZ drove a total of 14,942.92 miles.

25. Defendants knew and/or showed reckless disregard of the provisions of the FLSA concerning the payment of minimum wages as required by the Fair Labor Standards Act. Defendants were aware of Plaintiff's work schedule and the hours worked by Plaintiff. Notwithstanding, Defendants did not pay minimum wages to Plaintiff. Defendants were aware of their obligation to pay minimum wages and/or failed to conduct a reasonable investigation as to whether they were in compliance with the minimum wage requirements.

Despite the obligation to pay minimum wages and knowing that Plaintiff worked for Defendants without being properly compensated, Defendants failed to pay Plaintiff his minimum wages. Furthermore, despite Defendants being provided with a pre-suit notice in an attempt to bring Defendants into compliance with the FLSA, Defendants have willfully failed to comply with the FLSA and pay Plaintiff his mandated minimum wages.

26. Plaintiff has retained the law offices of the undersigned attorneys to represent them in this action and are entitled to award of reasonable attorney's fees and costs.

WHEREFORE, Plaintiff requests compensatory minimum wages, liquidated damages, and reasonable attorney's fees and costs from Defendants, jointly and severally, pursuant to the Fair Labor Standards Act as cited above, to be proven at the time of trial for minimum wages owing from Plaintiff's entire employment period with Defendants, or as much as allowed by the Fair Labor Standards Act, whichever is greater, along with court costs.  In the event that Plaintiff does not recover liquidated damages, then Plaintiff will seek an award of prejudgment interest for the unpaid minimum wages, and any and all other relief which this Court deems reasonable under the circumstances.

### COUNT III: FLORIDA UNPAID WAGE CLAIM GUERRA v TEAM DGD INC. D/B/A FTL HUB AND LUIS LOPEZ

27. Plaintiff re-alleges and re-avers paragraphs 1 through 8 as fully set forth herein.

28. Plaintiff Guerra was employed from on or about July 2019 through on or about September 23, 2019.

29. Defendants agreed to pay Plaintiff at a rate of $.60 a mile. Between the dates of August 22, 2019 and September 23, 2019 Plaintiff Guerra drove a total of 14,942.92 miles and should have been paid $8,965.75 but was not paid any wages by Defendants for said work.

30. Pursuant to the parties' agreement, Plaintiff Guerra should have been paid a total of $8,965.75 for his work.

31. Defendant, Team DGD Inc. d/b/a FTL Hub failed to pay Plaintiff his agreed upon wages and owes Plaintiff Guerra $8,965.75 in unpaid wages.

32. Plaintiff has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees and costs.

WHEREFORE, Plaintiff requests compensatory unpaid wages and reasonable attorney's fees and costs from Defendant Team DGD Inc/ d/b/a FTL Hub pursuant to Fla. Stat. §448.08, and any and all other relief which this Court deems reasonable under the circumstances.

### COUNT IV: FLORIDA UNPAID WAGE CLAIM SANCHEZ v TEAM DGD INC. D/B/A FTL HUB AND LUIS LOPEZ

33. Plaintiff re-alleges and re-avers paragraphs 1 through 8 as fully set forth herein.

34. Plaintiff Sanchez was employed from on or about July 2019 through on or about September 23, 2019.

35. Defendants agreed to pay Plaintiffs at a rate of $.60 a mile. Between the dates of August 22, 2019 and September 23, 2019 Plaintiff Sanchez drove a total of 14,942.92 miles and should have each been paid $8,965.75 but was not paid any wages by Defendants for said work.

36. Pursuant to the parties' agreement, Plaintiff Sanchez should have been paid a total of $8,965.75 for his work.

37. Defendant, Team DGD Inc. d/b/a FTL Hub failed to pay Plaintiffs their agreed upon wages and owes Plaintiff Sanchez $8,965.75 in unpaid wages.

38. Plaintiff has retained the law offices of the undersigned attorneys to represent him in this action and is entitled to award of reasonable attorney's fees and costs.

WHEREFORE, Plaintiff requests compensatory unpaid wages and reasonable attorney's fees and costs from Defendant Team DGD Inc/ d/b/a FTL Hub pursuant to Fla. Stat. §448.08, and any and all other relief which this Court deems reasonable under the circumstances.

## JURY DEMAND

Plaintiffs demand a trial by jury of all issues triable as of right by jury.

Dated: April 24, 2020

Daniel T. Feld, P.A.
Co-counsel for Plaintiffs
2847 Hollywood Blvd.
Hollywood, Florida 33020
Tel: (954) 361-8383
Email: DanielFeld.Esq@gmail.com

By:__/s/ Daniel T. Feld _____
    Daniel T. Feld, Esq.
    Florida Bar Number: 0037013

Corona Law Firm P.A.
Co-counsel for Plaintiffs
3899 NW 7th Street, 2nd Floor
Miami, Florida 33126
Tel: (305) 266-1150
Email: ricky@coronapa.com

By:__/s/ Ricardo Corona _____
    Ricardo R. Corona, Esq.
    Florida Bar Number: 107684